1  Lawrence Brewster
   Regional Solicitor
2  **Daniel J. Chasek**, (CSBN #186968)
   Associate Regional Solicitor
3  Office of the Solicitor (Sol#0918623)
   United States Department of Labor
4  350 So. Figueroa St., Suite 370
   Los Angeles, California 90071-1202
5        Telephone: (213) 894-4225
         Facsimile:  (213) 894-2064
6  chasek.daniel@dol.gov
7  Attorneys for the Plaintiff
8

```
                    FILED
         CLERK, U.S. DISTRICT COURT

              DEC - 1 2009

         CENTRAL DISTRICT OF CALIFORNIA
         BY              DEPUTY
```

9              UNITED STATES DISTRICT COURT
10            CENTRAL DISTRICT OF CALIFORNIA
11

12  **HILDA L. SOLIS,**                      )   Case No. 09-07395 MAN
        Secretary of Labor,                  )
13      United States Department of Labor,   )
                                             )
14              Plaintiff,                   )
                                             )
15          v.                               )   **CONSENT JUDGMENT**
                                             )
16  **J.I. Gandara Transport, Inc.,** a California )
    Corporation; **J. Isabel Gandara**, Individually )
17  and as Managing Agent of the Corporate De- )
    fendant                                  )
18                                           )
            Defendants.                      )
19                                           )
20                                           )
21                                           )
22                                           )

23  ─────────────────────────────────────

24      Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor

25  ("Secretary"), and defendants J.I. Gandara Transport, Inc., a California corporation, and

26  J. Isabel Gandara, individually and as managing agent of the corporate defendant (col-

27  lectively, "defendants"), have agreed to resolve the matters in controversy in this civil

28  action and consent to the entry of this Consent Judgment in accordance herewith:

---

A.   The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5).

B.   Defendants acknowledge receipt of a copy of the Secretary's Complaint.

C.   Defendants waive issuance and service of process and waive answer and any defenses to the Secretary's Complaint.

D.   The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E.   Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§215(a)(2) and 215(a)(5), in any of the following manners:

1. Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

2. Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such

1   access, and preserve records of employees and of the wages, hours, and other conditions
2   and practices of employment maintained, as prescribed by regulations issued, and from
3   time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and
4   215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regula-
5   tions, Part 516.

6       3.  Defendants, jointly and severally, shall not continue to withhold the payment
7   of $84,474.25 in overtime pay hereby found to be due under the FLSA to 33 employees,
8   as a result of their employment by Defendants during the period of January 24, 2006
9   through January 23, 2009 as set forth in the attached Exhibit 1, showing the name of
10  each employee and listing on the same line the gross backwage amount due the em-
11  ployee and the period covered by the Consent Judgment.

12      4.  Defendants shall pay the backwages, plus 3% annual interest on the out-
13  standing balance starting from November 10, 2009, when Defendants shall pay an initial
14  payment of $23,789.67, until the backwages required under this Judgment are paid in
15  full, as set forth in paragraph 5 below, and as set forth in attached Exhibit 2.  Each pay-
16  ment shall be made by a certified or cashier's check or money order with the firm name
17  and "Net BWs + Interest" written on each, payable to the order of the "Wage & Hour
18  Div., Labor," and delivered to the U.S. Department of Labor, Wage and Hour Division,
19  915 Wilshire Blvd. Suite 960, Los Angeles, CA 90017, on or before the date the pay-
20  ment is due.

21      5.  Defendants shall deliver to the Wage and Hour Division, United States De-
22  partment of Labor, 915 Wilshire Blvd. Suite 960, Los Angeles, CA, 90017, the follow-
23  ing:

24      a. On or before November 10, 2009, a schedule in duplicate bearing the firm name
25  (that is highlighted in the caption of this Judgment), employer identification number(s),
26  address, and phone number of the defendants and showing the name, last known (home)
27  address, social security number, gross backwage amount for each person listed in the at-
28  tached Exhibit 1, the amounts of legal deductions for social security and withholding

1  taxes thereon (that the defendants shall pay directly to the federal and state agencies enti-

2  tled thereto), and the resulting net backwage amounts for each person listed in the at-

3  tached Exhibit 1.

4      b.  On or before November 10, 2009, and again on November 15, 2009 or before

5  the 15th day of every month thereafter until the backwage recovery provisions of this

6  Judgment have been satisfied in full for each person who is listed in the attached Exhibit

7  1, a certified or cashier's check or money order with the firm name and "Net BWs + In-

8  terest" written on each, payable to the order of the "Wage & Hour Div., Labor," in the

9  amounts reflected on Exhibit 2.

10     c.  In the event of any default in the timely making of any payment due hereunder,

11  the full gross amount (under the backwage provisions of this Judgment) that then re-

12  mains unpaid (plus post-judgment interest, from the date of this Judgment until the full

13  amount is paid in full, at the rate of 10 percent per annum on the full balance outstanding

14  from time to time, from the date of this Judgment until this Judgment is paid in full)

15  shall become due and payable upon sending by ordinary mail a written demand to the

16  last business address of the Defendants known to the plaintiff; the manner of the imme-

17  diate payment shall in the case of the back wages be a certified or cashier's check or

18  money order with the firm name and civil action number from the caption on the first

19  page of this Judgment and "net back wages" written thereon payable to the order of the

20  "Wage & Hour Div., Labor," and shall in the case of the interest on the back wages be a

21  separate certified or cashier's check or money order with the firm name and civil action

22  number and "backwage interest" written thereon payable to the order of the "Wage &

23  Hour Div., Labor."

24     d.  The Secretary shall allocate and distribute the remittances, or the proceeds

25  thereof, to the persons named in the attached Exhibit 1, or to their estates if that be nec-

26  essary, in her sole discretion, and any money not so paid within a period of three years

27  from the date of its receipt, because of an inability to locate the proper persons or be-

28  cause of their refusal to accept it, shall be then deposited in the Treasury of the United

1  States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

2      e. On or before October 15, 2011, and again on or before the 15th day of each of

3  the four months thereafter until the civil money penalties for alleged overtime pay viola-

4  tions of this Judgment are satisfied in full, a certified or cashier's check or money order

5  with the firm name and "OT/CMP" written thereon payable to the order of "Wage &

6  Hour Div., Labor," in the amount of $2,687.65 or $2,687.66 in payment of the civil

7  money penalty assessed against the Defendants for alleged overtime pay violations, as

8  reflected in Exhibit 3; and it is further

9      6.  ORDERED that the filing, pursuit, and/or resolution of this proceeding with

10  the entry of this Judgment shall not act as or be asserted as a bar to any action under

11  FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Ex-

12  hibit 1 nor as to any employee named on the attached Exhibit 1 for any period not speci-

13  fied therein; and, it is further

14      7.  ORDERED that each party shall bear its own fees and other expenses incurred

15  by such party in connection with any stage of this proceeding, including but not limited

16  to attorneys' fees, which may be available under the Equal Access to Justice Act, as

17  amended; and, it is further

18      8.  ORDERED that this Court shall retain jurisdiction of this action for purposes

19  of enforcing compliance with the terms of this Consent Judgment.

20
21  Dated: December 1, 2009 .          *Margaret A. Nagle*

22                              ~~U.S. DISTRICT COURT JUDGE~~

23                                   Margaret A. Nagle
                                     U.S. Magistrate Judge

24
25
26
27
28

For the Defendants:

Each Defendant hereby appears, waives any
defense herein, consents to the entry of
this Judgment, and waives notice by the
Clerk of Court:

For:  J.I. Gandara Transport, Inc.

By: _____        _____
       Authorized Agent                         Date

Its:  <u>President</u>


_____              _____
J. Isabel Gandara                            Date


For the plaintiff:

CAROL DEDEO
Deputy Solicitor for National Operations

LAWRENCE BREWSTER
Regional Solicitor

*Daniel J Chasek*                            <u>10/8/09</u>
DANIEL J. CHASEK                             Date
Associate Regional Solicitor
Attorneys for the Plaintiff

10/07/2009   09:66   18189934388                RAYMUNDS JR TAX SRVC                    PAGE  01/01

For the Defendants:

Each Defendant hereby appears, waives any
defense herein, consents to the entry of
this Judgment, and waives notice by the
Clerk of Court:

For:  J.I. Gandara Transport, Inc.

By: _____          _10-07-09_
        Authorized Agent                    Date

Its:  President

_____          _10-07-09_
J. Isabel Gandara                           Date

For the plaintiff:

CAROL DEDEO
Deputy Solicitor for National Operations

LAWRENCE BREWSTER
Regional Solicitor

_____          _____
DANIEL J. CHASEK                            Date
Associate Regional Solicitor
Attorneys for the Plaintiff

Consent Judgment (Sol/0918623))                       Page 6 of 11

1

## Exhibit 1

2

| NAMES | | PERIODS COVERED HEREIN | | AMOUNTS DUE |
|---|---|---|---|---|
| ALCARAZ | LAZARO | 1/29/2006 | 12/21/2008 | 9324.98 |
| ARAUJO | MILTON R | 9/3/2006 | 10/21/2007 | 4306.73 |
| CARDENAS | RUDY B | 10/14/2007 | 12/21/2008 | 1900.22 |
| CARILLO | ALEJANDRO | 1/29/2006 | 3/19/2006 | 462.87 |
| CASTILLO | JESUS V | 7/1/2007 | 12/21/2008 | 5746.02 |
| CASTRO | MARCO | 1/21/2007 | 11/11/2007 | 1640.63 |
| CISNEROS | GERARDO | 10/5/2008 | 10/19/2008 | 285.95 |
| DE DE'LOERA | JOSE | 1/29/2006 | 10/12/2008 | 6986.76 |
| DELGADO | CARLOS H | 5/25/2008 | 11/9/2008 | 2014.16 |
| FLORES | RITO RUBIO | 1/29/2006 | 3/5/2006 | 147.28 |
| GOMEZ | RAYMUNDO | 1/7/2007 | 1/28/2007 | 375.93 |
| GONZALEZ | FRANK | 10/7/2007 | 9/14/2008 | 2859.48 |
| GUDINO | ALONSO M | 3/12/2006 | 12/14/2008 | 7159.38 |
| GUDINO | JOSE | 1/29/2006 | 11/19/2006 | 1891.74 |
| GUTIERREZ | RAMIRO P | 1/29/2006 | 12/10/2006 | 1986.5 |
| IGLESIAS | JOEL | 6/22/2008 | 12/21/2008 | 2915.45 |
| MARTINEZ | ELMER | 7/1/2007 | 10/19/2008 | 5505.28 |
| MASARIEGOS | ELBER RODOLFO | 12/10/2006 | 12/10/2006 | 33.61 |
| MELENDEZ | FRANCISCO A | 2/12/2006 | 10/8/2006 | 1150.67 |
| NAVARRETE APARICIO | JOAQUIN | 7/1/2007 | 12/21/2008 | 2744.25 |
| OCHOA | LUIS E | 2/26/2006 | 3/12/2006 | 189.92 |
| OSTORGA | ARNOLDO A | 7/22/2007 | 10/12/2008 | 3527.16 |

**Consent Judgment** (Sol#0918623))                                    **Page 7 of 11**

| | | | | | |
|---|---|---|---|---|---|
| 1 | PEREZ | FROYLAN | 3/19/2006 | 11/11/2007 | 3264.34 |
| 2 | POLIO | EDWIN A | 10/22/2006 | 12/24/2006 | 672.51 |
| 3 | | YOHALMO | | | |
| 4 | QUEZADA | A | 12/17/2006 | 5/11/2008 | 3909.45 |
| 5 | RAMIREZ | MOISES | 9/21/2008 | 12/21/2008 | 1267.09 |
| 6 | ROCHA | ANTONIO | 12/2/2007 | 12/21/2008 | 2991.43 |
| 7 | RODRIGUEZ | BENITO | 1/7/2007 | 1/7/2007 | 50.67 |
| 8 | ROSALES | SOCORRO | 7/8/2007 | 6/8/2008 | 3988.56 |
| 9 | SALAZAR | NOEL | 12/31/2006 | 10/12/2008 | 4634.62 |
| 10 | SOTO | RONY | 1/14/2007 | 7/22/2007 | 261.14 |
| 11 | TABBI | JOSEPH M | 9/14/2008 | 9/21/2008 | 80.2 |
| 12 | VALDEZ | RUDY A | 10/7/2007 | 10/21/2007 | 199.27 |
| 13 | | | | | |
| 14 | | | | | |
| 15 | | | | | |
| 16 | | | | | |
| 17 | | | | | |
| 18 | | | | | |
| 19 | | | | | |
| 20 | | | | | |
| 21 | | | | | |
| 22 | | | | | |
| 23 | | | | | |
| 24 | | | | | |
| 25 | | | | | |
| 26 | | | | | |
| 27 | | | | | |
| 28 | | | | | |

**Consent Judgment** (Sol#0918623))

1

2

## **Exhibit 2**

| Payment No. | Date Due | Amount Due | Interest Due | Total Due |
|---|---|---|---|---|
| Down Payment | 11/10/2009 | $23,789.67 | 0 | $23,789.67 |
| 1 | 11/15/2009 | $2,528.52 | $12.80 | $2,541.32 |
| 2 | 12/15/2009 | $2,528.52 | $6.47 | $2,534.99 |
| 3 | 1/15/2010 | $2,528.52 | $53.85 | $2,582.37 |
| 4 | 2/15/2010 | $2,528.52 | $11.73 | $2,540.25 |
| 5 | 3/15/2010 | $2,528.52 | $46.21 | $2,574.73 |
| 6 | 4/15/2010 | $2,528.52 | $7.25 | $2,535.77 |
| 7 | 5/15/2010 | $2,528.52 | $76.30 | $2,604.82 |
| 8 | 6/15/2010 | $2,528.52 | $83.56 | $2,612.08 |
| 9 | 7/15/2010 | $2,528.52 | $8.82 | $2,537.34 |
| 10 | 8/15/2010 | $2,528.52 | $118.37 | $2,646.89 |
| 11 | 9/15/2010 | $2,528.52 | $7.77 | $2,536.29 |
| 12 | 10/15/2010 | $2,528.52 | $173.83 | $2,702.35 |
| 13 | 11/15/2010 | $2,528.52 | $9.49 | $2,538.01 |
| 14 | 12/15/2010 | $2,528.52 | $195.85 | $2,724.37 |
| 15 | 1/15/2011 | $2,528.52 | $10.61 | $2,539.13 |
| 16 | 2/15/2011 | $2,528.52 | $114.06 | $2,642.58 |
| 17 | 3/15/2011 | $2,528.52 | $174.34 | $2,702.86 |
| 18 | 4/15/2011 | $2,528.52 | $8.48 | $2,537.00 |
| 19 | 5/15/2011 | $2,528.52 | $169.70 | $2,698.22 |
| 20 | 6/15/2011 | $2,528.52 | $147.63 | $2,676.15 |
| 21 | 7/15/2011 | $2,528.52 | $162.53 | $2,691.05 |
| 22 | 8/15/2011 | $2,528.52 | $6.64 | $2,535.16 |
| 23 | 9/15/2011 | $2,528.52 | $283.77 | $2,812.29 |
| 24 | 10/15/2011 | $2,528.62 | $6.32 | $2,534.94 |

**Consent Judgment** (Sol#0918623))

1

**Exhibit 3**

2  **Civil Money Penalties**

3

| Date Due | Principle Due | | Interest Due | | Total Due | |
|---|---|---|---|---|---|---|
| 10/15/2011 | $ | 2,660.94 | $ | 26.71 | $ | 2,687.65 |
| 11/15/2011 | $ | 2,667.59 | $ | 20.06 | $ | 2,687.65 |
| 12/15/2011 | $ | 2,674.26 | $ | 13.39 | $ | 2,687.65 |
| 1/15/2011 | $ | 2,680.96 | $ | 6.70 | $ | 2,687.66 |
| Totals: | | $10,683.75 | | $66.86 | | $10,750.61 |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28